# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 00-1523

_____

Tracy D. Deering,

        Appellant,

    v.

O.K. Industries, Inc., An Arkansas
Domestic for Profit Corporation
doing business in Arkansas; Plan
Administrator/O.K. Industries, Inc.;
Affiliates Flexible
Benefits/Healthcare Plan,

        Appellees.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Western District of Arkansas.

[UNPUBLISHED]

_____

Submitted: January 11, 2001
Filed:  May 11, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN and MURPHY, Circuit Judges.

_____

HANSEN, Circuit Judge.

Tracy D. Deering appeals the district court's[1] grant of summary judgment in favor of O.K. Industries, Inc. on her claim to continue her health insurance coverage under the Consolidated Omnibus Budget Reconciliation Act (COBRA). We affirm.

## I.

Deering was a plant worker at O.K. Industries, Inc., when she terminated her employment on July 17, 1998. On July 24, 1998, Deering received by certified mail a notice of right to elect COBRA continuation coverage (notice). The notice stated that in order to elect coverage she had to submit the election form attached to the notice to the plan administrator by September 17, 1998. The election form notified her that she needed to return the election form within 60 days. The date stated in the notice was incorrect, Deering should have been given until September 22, 1998, to return the election form, which was 60 days from the date of her receipt of the notice. However, O.K. Industries did not receive her election form until September 28, 1998. O.K. Industries denied her COBRA coverage because she did not submit the election form in a timely manner. Deering filed suit against O.K. Industries alleging violations of the Family and Medical Leave Act (FMLA), the Employee Retirement Income Security Act (ERISA), COBRA, and the Arkansas Civil Rights Act (ACRA). The district court granted summary judgment in favor of O.K. Industries, and Deering appeals.

## II.

A grant of summary judgment is reviewed de novo. Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000). "Summary judgment is proper where the evidence, when viewed in the light most favorable to the nonmoving party, indicates that

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Id.

Deering argues that the district court erred by granting O.K. Industries' motion for summary judgment solely because the notice sent informing her of her right to elect continuing COBRA coverage provided an incorrect date by which to return the election form. COBRA requires that an eligible person be given at least 60 days in which to elect to continue COBRA coverage. 29 U.S.C. § 1165(1)(B) (1994). Deering asserts that because the notice stated that she had to return the election form by September 17, which was only 55 days from the date she received the notice, O.K. Industries failed to comply with COBRA, and therefore, her motion for summary judgment and declaratory judgment should have been granted and hospitalization and physician expenses, totaling in excess of $23,000, should now be awarded.

We disagree. There is no dispute of fact in this case. Although the notice incorrectly informed Deering that she needed to return the election form by September 17, she did not return the election form to O.K. Industries until September 28. Even if the notice had contained the correct date of September 22, her election for continuing COBRA coverage still would have been untimely. The district court did not err in granting summary judgment on this point. In addition, O.K. Industries did not breach any fiduciary duty in not advising her of any appeal rights because the rights provided under the Summary Plan Description did not apply to her in this situation. The rights Deering refers to apply when a plan participant believes he or she is being denied a benefit under the plan. Deering was not a plan participant who was denied a benefit under the plan.

III.

For the foregoing reasons, we affirm the judgment of the district court.

3

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.